

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

MAR - 1 2012

Phil Lombardi, Clerk
U.S. DISTRICT COURT

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 12-MJ-70-PJC
Huawei, Model:M860, Meid:DEC: )
268435460501936180, Pesn:Hex:80A3308A, )
MAC:404D8E23A43B, SN:2XA7NB1113008806 )
and Samsung, Model:SCH-R100 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A": Hauwei, Model:M860, Meid:DEC:268435460501936180, Pesn:Hex:80A3308A, MAC:404D8E23A43B, SN:2XA7NB1113008806 and Samsung, Model:SCH-R100

located in the Northern District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii) | Possession of Methamphetamine With Intent to Distribute |

The application is based on these facts:

See Affidavit of Robert Glenn, attached hereto.

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Robert Glenn, TFO/DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Mar 1, 2012

*Judge's signature*

City and state: Tulsa, Oklahoma

U.S. Magistrate Paul J. Cleary
*Printed name and title*

## ATTACHMENT A

1. Brand: Huawei
   Model: M860
   Meid: DEC: 268435460501936180
   Pesn: Hex: 80A3308A
   MAC: 404D8E23A43B
   SN: 2XA7NB1113008806
   Carrier: Cricket

2. Brand: Samsung
   Model: SCH-R100
   Bar Code #'s: 8001BD04 – 268435459607685838
   Carrier: Cricket

# **ATTACHMENT B**

Electronic information containing, among other things, addresses, text messages, phone numbers, photographic images, and names of individuals or organizations.

## **AFFIDAVIT**

1. I, Robert Glenn; being duly sworn, do hereby state that I am employed by the Sapulpa Police Department as a Police Officer, currently assigned to the Drug Enforcement Administration (DEA) United States Department of Justice as a Task Force Officer. I have been a Police Officer for the past eighteen years. I am currently assigned to the Tulsa Resident Office, in Tulsa, Oklahoma. Since becoming a Police Officer, I have assisted with investigations of unlawful drug distribution networks as well as the individuals within the networks who have been in violation of Title 21, United States Code, Sections 841 (a) (1) 843 (b) and 846, and have participated in: wire and physical surveillance, surveillance of undercover transactions; the introduction of undercover agents/officers, debriefings of informants and reviews of taped conversations and drug records.

2. Through my formal/informal training, education and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed and the methods of payment for such drugs. Your Affiant states that as a result of his law enforcement career; he has gained a considerable amount of knowledge through his training and experience. Your Affiant states that he has interviewed multiple defendants involved in the use, transportation, and illegal sale of controlled dangerous substances. I make this affidavit in support of a search warrant for the cellular telephones listed on attachment "A".

3. The purpose of this application is to seize evidence specifically referenced in Attachment "B" of this affidavit that relates to violations of Title 21, United States Code, Sections 841(a)(1), 843(b) and 846, which make it a Federal offense to possess with the

intent to distribute controlled substances.

This affidavit is being submitted for the limited purpose of securing a search warrant; therefore, all facts and details of the investigation have not been included. Only the facts necessary to establish probable cause to search the described cellular telephones on attachment "A" have been included in this affidavit.

4. As a result of the investigation described more fully below, I believe there is probable cause to believe that evidence of violations of the above specified Federal offenses will be present on the cellular telephone described on attachment "A", which were seized following the arrest of the below defendant. These events transpired within the Northern District of Oklahoma.

## FACTS ESTABLISHING PROBABLE CAUSE

5. On February 8, 2012, the Oklahoma Highway Patrol conducted a traffic stop on a 2001 Gold Chevrolet Silverado, bearing California license plate 6N86148, for failure to signal a lane change on the Turner Turnpike in the area of mile marker 183.

6. Trooper Caleb Swickey initiated a traffic stop for the violation and made contact with the driver who was identified as Rogelio ESCUTIA and the passenger was identified as Crystal ROQUE.

7. While Trooper Swickey was speaking with ESCUTIA, he noticed several fast food wrappers and energy drinks inside the vehicle. Trooper Swickey also observed that ESCUTIA was breathing extremely heavy while explaining the itinerary of his trip. ESCUTIA told Swickey he was traveling from California to California City Missouri, to visit a friend for a couple of days. Trooper Swickey then spoke to ROQUE. ROQUE

told Trooper Swickey that they were traveling to California City, Missouri or Jefferson City, Missouri to visit family. Trooper Swickey concluded his traffic stop by issuing ESCUTIA a warning for the traffic violation and returned all of his personal belongings and told him to have a safe trip. After the traffic stop concluded, Trooper Swickey began engaging ESCUTIA in consensual casual conversation. After this brief encounter, and do to the conflicting stories given by ESCUTIA and ROQUE, Trooper Swickey asked ESCUTIA for consent to search the vehicle.

8. Once consent was given, Trooper Swickey discovered a bulge under the carpet in the back rear passengers' seat of the pickup. Trooper Swickey also observed that the carpet was not tacked down. Trooper Swickey pulled back the carpet and discovered a plastic Wal-mart sack. Inside the sack was a plastic zip lock bag containing methamphetamine. Trooper Swickey continued searching the vehicle and discovered another zip lock bag under the carpet on the driver's side in the rear compartment.

9. Trooper Swickey recovered (2) bundles of methamphetamine from inside the pickup, weighing approximately 5.1 pounds including the wrapping.

10. Trooper McKey conducted a field test on the substance, which subsequently tested positive for methamphetamine.

11. Both ESCUTIA and ROQUE were placed under arrest by Trooper Swickey for Trafficking in Methamphetamine.

12. ESCUTIA was advised of his Miranda rights by Trooper Mckey. ESCUTIA acknowledged his rights and agreed to speak with Troopers concerning the methamphetamine.

13. ESCUTIA admitted that he was transporting the drugs from California to California City, Missouri. ESCUTIA was instructed to drive to a motel located at the intersection of Highway 50 and Highway 87. Once he arrived, ESCUTIA was to check into a motel at this intersection and wait. An unknown person was then going to show up and make contact with ESCUTIA and retrieve the drugs from his pickup. Once ESCUTIA had passed the drugs off, he was to return to California and find an individual named "Carlos" (last name unknown). Carlos was then going to pay him $9000.00 in U.S. currency for delivering the drugs.

14. ESCUTIA initially agreed to cooperate with investigator's to conduct a controlled delivery of the drugs to California City. But during the hours following the attempted controlled delivery, it was determined that ESCUTIA was lying to investigators about his knowledge of how the delivery was supposed to occur. Subsequently the controlled delivery did not materialize. ESCUTIA was debriefed further by Special Agent Steve Mattas, with DEA in Jefferson City, Missouri.

15. ESCUTIA later admitted to Special Agent Mattas that he had originally lied and knew who the drugs were going to and it was apparent to agent Mattas that ESCUTIA has made numerous trips previously based on ESCUTIA'S knowledge of the local area.

16. ESCUTIA told investigators the drugs were intended to be delivered to Beroldo ALMAZAN, a.k.a. "LoLo" in the area of California, Missouri and that LoLo's phone numbers were saved in his phone.

17. ESCUTIA informed Special Agent Mattas the Huawei (m860) and Samsung (sch-r100) cellular phones belonged to him (ESCUTIA). Both cellular phones were recovered inside ESCUTIA'S pickup. At the time of the initial traffic stop, Trooper Swickey observed the Huawei plugged into the vehicle charger and the Samsung was located in the front seat next to ESCUTIA.

18. ESCUTIA told investigators that the source of supply for the methamphetamine was an individual named Eloy LNU (last name unknown) in the state of California. Eloy's number was also stored in ESCUTIA's phone.
(See Attachment "A").

## CONCLUSION

19. Based on the aforementioned information, your Affiant has reason to believe that the cellular telephones found in possession of ESCUTIA (As more fully descried in attachment "A") will contain information relevant to the ongoing investigation, detailed above.

20. Therefore it is respectfully requested for the issuance of a search warrant for the electronically stored data, as detailed in attachment "B", contained within the phones identified in Attachment "A".

_____
Lt. Robert Glenn
Sapulpa Police Department
Drug Enforcement Administration
Task Force Officer

Sworn to and subscribed before me this 1st day of March, 2012.

_____
Paul J. Cleary
United States Magistrate Judge